**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

**DAVID H. PAYNE, M.D.,**

Plaintiff,

v. Case No. 8:25-cv-01599-CAS-DTB

**SHAYLA C. RICHBERG, individually;**

**KEMP MOSLEY, individually;**

**CY HOGUE, III, individually;**

**DIAHANNE C. PAYNE, individually;**

**PHILLIP E. PAYNE, individually;**

**PATRICIA PAYNE, individually;**

**JACQUELINE PAYNE, individually;**

**MICHELLE DREW COLEMAN, individually;**

**THE ESTATE OF PEGGY DREW, DECEASED;**

**THE ESTATE OF JACK PAYNE, DECEASED;**

**VICKI MCDANIEL, individually;**

**GATES MANAGEMENT COMPANY;**

**MARK J. KLEINSCHMIDT, in his individual capacity;**

**NARRON WENZEL, P.A.;**

**JOHN DOES 1-10,**

Defendants.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## (42 U.S.C. § 1983; 18 U.S.C. § 1962 (RICO))

## TO THE HONORABLE COURT:

Plaintiff David H. Payne, M.D., pro se, brings this action for violations of his constitutional rights under 42 U.S.C. § 1983, and 18 U.S.C. § 1962, alleging as follows:

## I. NATURE OF THE ACTION

1. This action seeks damages and injunctive relief for Defendants' conspiracy to violate Plaintiff's due process and property rights by exploiting his incarceration to fraudulently redistribute his inheritance through North Carolina court proceedings on July 18, 2024.

2. Defendants, including family members, attorneys, and their agents, used perjured testimony and obstructed Plaintiff's court access to execute this scheme.

## II. JURISDICTION AND VENUE

A. Subject Matter Jurisdiction

3. This Court has jurisdiction under:

- 28 U.S.C. § 1331 (federal question jurisdiction);

- 28 U.S.C. § 1343(a)(3) (civil rights claims);

- 18 U.S.C. § 1964(c) (RICO claims);

- 28 U.S.C. § 1367(a) (supplemental jurisdiction over state law claims).

B. Venue

4. Venue is proper under 28 U.S.C. § 1391(b)(2) as substantial acts occurred in California, where:

- Defendant Diahanne C. Payne, a California resident, coordinated the conspiracy;

- Plaintiff, a California resident, suffered constitutional and financial harm, including loss of his $219,348.22 inheritance.

C. Personal Jurisdiction

5. Personal jurisdiction exists under Calder v. Jones, 465 U.S. 783, 789-90 (1984), as Defendants:

- Intentionally targeted Plaintiff, a California resident;

- Used interstate communications and mailings related to the July 18, 2024 hearing;

- Knew their actions would cause harm in California, where Plaintiff resides.

6. Alternative venue is proper under 28 U.S.C. § 1391(b)(3) as defendants reside in multiple states and are subject to personal jurisdiction here. See Menken v. Emm, 503 F.3d 1050, 1057 (9th Cir. 2007).

## III. PARTIES

### A. Plaintiff

7. Plaintiff David H. Payne, M.D. is a California resident currently incarcerated at:

- FCI Florence, 5880 Highway 67 South, Florence, CO 81226

- Registration No. 76493-112

- Post-release address: Orange County, California

- Former court-appointed Executor of the Solomon C. Payne estate for twenty years.

### B. Attorney Defendants

8. Defendant Shayla C. Richberg is an attorney licensed in North Carolina:

- Business address: 3326 Durham-Chapel Hill Blvd., B-120A, Durham, NC 27707

- Represented Phillip E. Payne in the estate proceedings

- Received $14,825.00 from Plaintiff's inheritance on July 22, 2024.

9. Defendant Kemp Mosley is an attorney licensed in North Carolina:

- Business address: Narron Wenzel, P.A., 3737 Glenwood Ave., Suite 200, Raleigh, NC 27612

- Represented Diahanne C. Payne in the estate proceedings

- Received $19,227.41 from Plaintiff's inheritance on July 22, 2024

- Discovered that Vicki McDaniel had issued false 1099s and persuaded her to make false representations and testimony on July 18, 2024

- Conspired with McDaniel to create "Fraud On The Court" and disrupt the machinery of justice, using Dr. Payne's incarceration as a wedge between truth and justice.

10. Defendant Cy Hogue, III is an attorney licensed in North Carolina:

- Business address: 206 Burnside Dr., Hillsborough, NC 27228

- Represented Patricia Payne in the estate proceedings

- Received $3,500.00 from Plaintiff's inheritance on July 22, 2024.

11. Defendant Narron Wenzel, P.A. is a North Carolina law firm that:

- Employed and facilitated the actions of Defendant Mosley

- Participated in the conspiracy through its agent.

C. Family Member Defendants

12. Defendant Diahanne C. Payne is:

- Plaintiff's sister and a California resident

- Primary orchestrator of the fraudulent conspiracy

- Previously engaged in systematic fraud from 2009-2024 including:

- Falsely claiming estate executor status beginning in 2009

- Borrowing $65,000 against the estate between 2009 and 2012, then defaulting on that loan

- Embezzling rental income from estate properties

- Operating an unlicensed dog kennel on estate property from 2009-2012.

13. Defendant Phillip E. Payne is:

- Plaintiff's brother and a Michigan resident

- Active participant who aided the conspiracy to deprive Plaintiff of his inheritance.

14. Defendant Patricia Payne is:

- A North Carolina resident and estate beneficiary

- Represented by Defendant Cy Hogue in the fraudulent proceedings

- Co-conspirator with Jack Payne in systematically embezzling estate farm rental income from 1997-2024

- Failed to remit rental income to the estate despite repeated requests

- Upon discovery of tenants on the property, produced a check of over one thousand dollars for an unspecified amount of time

- Concealed rental terms, tenant identity, and rental amounts from the estate and other beneficiaries.

15. Defendant Jacqueline Payne is:

- A beneficiary of the Clarence E. (Jack) Payne estate

- Co-conspirator in the long-term embezzlement scheme

- Benefited from diverted estate assets and rental income from the Homestead on Hassell Street, Corbin Street properties, and the farm embezzlement

- Participated in diverting estate assets and rental income while concealing the scheme from Plaintiff.

16. Defendant The Estate of Peggy Drew, Deceased is:

- The estate of Peggy Drew who participated in building the conspiracy during her lifetime

- Benefited from diverted estate assets and rental income from the Homestead on Hassell Street and Corbin Street properties and the farm

- Her estate continues to hold proceeds from the systematic embezzlement scheme.

17. Defendant The Estate of Jack Payne, Deceased is:

- The estate of Clarence E. (Jack) Payne who orchestrated the investment of monies from rental properties and the farm during his lifetime

- Co-conspirator with Patricia Payne in renting out estate farm property without authorization and failing to turn over proceeds

- Benefited from years of converted estate rental income from the Hassell Street property, the Homestead, as well as the farm and rental properties

- Suspected co-conspirator with Gates Management along with the Peggy Drew estate and Michelle Drew.

18. Defendant Michelle Drew Coleman is:

- A Virginia resident and estate beneficiary who is well aware of the fraud and participated in the systematic defrauding of the Solomon C. Payne estate

- Received $219,348.22 from the fraudulent distribution on July 22, 2024

- Took a personal loan of over $18,000 which she never repaid to Solomon C. Payne or to his estate.

E. Court Official Defendant

19. Defendant Mark J. Kleinschmidt is:

- The Clerk of Superior Court of Orange County, North Carolina

- Sued in his individual capacity for violating clearly established law

- Issued the July 22, 2024 Distribution Order despite prior court rulings rejecting identical claims by Diahanne Payne

- Had ministerial duty to follow 2012 court ruling that specifically rejected Diahanne's fees for unpermitted work

- Ignored 2020 Superior Court summary judgment finding Diahanne made false representations to courts

- Acted without jurisdiction by approving distribution based on claims that had been previously adjudicated and rejected.

F. Property Management Defendants

20. Defendant Vicki McDaniel is:

- Owner of Gates Management Company

- Orchestrated fraud with both Clarence E. (Jack) Payne and Peggy Drew

- Along with Clarence E. (Jack) Payne and Peggy Drew, systematically defrauded and embezzled monies from the homestead that was rented out and submitted fraudulent 1099s to the government

- Was discovered by Kemp Mosley to have issued false 1099s

- Was then persuaded by Mosley to make false representations and testimony on July 18, 2024 without any evidence that the monies she alleged were paid were actually paid

- Was protecting herself against litigation by Kemp Mosley

- Conspired with Kemp Mosley to create "Fraud On The Court" and disrupt the machinery of justice.

21. Defendant Gates Management Company is a business entity that:

- Managed Solomon C. Payne estate properties from 1997-2022

- Systematically issued false 1099 tax documents to conceal embezzlement

- Coordinated with other defendants in the fraudulent scheme.

22. Defendants John Does 1-10 are unidentified co-conspirators who:

- Participated in interstate communications and mailings related to the July 18, 2024 hearing

- Will be identified through discovery pursuant to FRCP 26(d)(1) upon motion for expedited disclosure.

## IV. FACTUAL ALLEGATIONS

A. Background - Estate Administration

23. Dr. Payne was appointed executor under the will of Solomon C. Payne, but the property was never probated because the will was lost and remained in the possession of E. Greer Ferguson of Virginia. For twenty years, Plaintiff faithfully managed the Solomon C. Payne estate:

- Invested over $100,000 of his personal funds without reimbursement

- Paid all property taxes and maintenance costs

- Managed properties professionally and competently

- Had his management verified as proper and correct by the Orange County Clerk's formal accounting.

B. The Systematic Embezzlement Conspiracy (2009-2024)

24. Diahanne Payne's Pattern of Fraud: Defendant Diahanne C. Payne engaged in systematic fraudulent conduct from 2009-2024 including:

- Falsely representing herself as estate executor to community members beginning in 2009

- Borrowing $65,000 against the estate between 2009 and 2012, then defaulting on that loan

- Illegally evicting paying tenants from estate property at 211 Nash Street

- Embezzling rental income while occupying estate property without authorization

- Receiving court sanctions of $1,400 for material misrepresentations in prior litigation

- Operating an unlicensed dog kennel on estate property from 2009-2012

- Abusing power of attorney authority granted by family members Phillip E. Payne and Christopher Payne

- Manipulating and controlling family members through her agent authority

- Acting beyond the scope of power of attorney authority for personal benefit

- Continuing fraudulent conduct even after family members revoked their powers of attorney.


25. Patricia Payne and Jack Payne Farm Embezzlement: Defendants Patricia Payne and The Estate of Jack Payne engaged in systematic embezzlement from 1997-2024 by:

- Renting out estate farm property to third parties without authorization from Plaintiff as executor

- Failing to share rental proceeds with the estate of Solomon C. Payne, possibly sharing proceeds with the Drew family instead

- Failing to remit any rental income to the estate despite Plaintiff's requests from 1997 to 2024

- Upon discovery of tenants on the property, a demand was made to Patricia Payne and she produced a check of over one thousand dollars for an unspecified amount of time

- Converting estate rental income for their personal use and benefit.

26. Multi-Family Embezzlement Conspiracy: Defendants Patricia Payne, Jacqueline Payne, The Estate of Peggy Drew, and The Estate of Jack Payne participated in systematic embezzlement by:

- Diverting estate assets from the Homestead on Hassell Street and Corbin Street properties from 1997-2024

- Receiving unauthorized distributions and rental income that should have been paid to the estate

- Coordinating to conceal the embezzlement from Plaintiff and other legitimate beneficiaries.

27. Gates Management Embezzlement: Defendants Gates Management Company and McDaniel, along with other Gates management employees, participated in systematic fraud by:

- Vicki McDaniel, Clarence E. (Jack) Payne, and Peggy Drew systematically defrauding and embezzling monies from the homestead that was rented out

- Systematically issuing false 1099 tax documents from 1997-2022

- Filing false information with the IRS

- McDaniel actually embezzling income from renters and sharing these monies with Jack Payne estate, Patricia Payne, Jacqueline Payne, Peggy Drew estate, and Michelle Drew

- Creating fraudulent documentation claiming payments to Plaintiff that never occurred.

## C. Prior Court Rulings Against Diahanne Payne

28. 2012 Probate Court Ruling: In the original probate proceeding, the Hillsborough North Carolina court:

- Appointed Dr. David Payne as executor of the estate

- Specifically rejected Diahanne Payne's fees for unpermitted work on estate property

- Found she had no authority as executor and no right to make unauthorized changes to estate property

- Created binding res judicata on the issue of unpermitted work compensation.

29. 2020 Superior Court Summary Judgment: Approximately 8 years later, when Diahanne Payne filed another lawsuit:

- The Superior Court dismissed her case on summary judgment

- The court found she had lied about multiple material facts including:

- Falsely claiming no access to estate property despite participating in authorized partition

- Falsely claiming no access to personal property despite photographic evidence of her going through items

- Her brother provided a declaration about her pattern of dishonesty

- The summary judgment established a judicial finding of her lack of credibility.

## D. The July 18, 2024 Constitutional Violations

30. Deliberate Denial of Due Process: On July 18, 2024, Defendants orchestrated a hearing in Orange County Superior Court while:

- Knowing Plaintiff was incarcerated at FCI Florence and unable to participate

- Deliberately failing to provide constitutionally adequate notice

- Mailing hearing notices to Plaintiff's outdated address to prevent participation.

31. Presentation of Perjured Evidence: At the July 18, 2024 hearing, Defendants:

- Presented unserved evidence that had never been provided to Plaintiff

- Introduced false 1099 tax documents created by Gates Management

- Allowed McDaniel to provide false testimony claiming Plaintiff embezzled funds without any evidence that the monies she alleged were paid were actually paid

- Used evidence they knew to be false and previously rejected by courts

- McDaniel was protecting herself against litigation by Kemp Mosley and conspired with him to create fraud upon the court.

32. Complete Denial of Constitutional Rights: As a result of Defendants' actions, Plaintiff was:

- Denied any opportunity to appear at the hearing

- Unable to present evidence or cross-examine witnesses

- Prevented from challenging false testimony and fraudulent evidence

- Deprived of fundamental due process protections.

E. Kleinschmidt's Violation of Clearly Established Law

33. Ministerial Duty Violation: Defendant Kleinschmidt had access to court records showing the 2012 probate ruling that specifically rejected Diahanne Payne's fees for unpermitted work, yet he:

- Approved the identical unpermitted work fees that were rejected in 2012

- Ignored the binding res judicata effect of the prior court ruling

- Failed to perform his ministerial duty to follow established court precedent

- Acted without jurisdiction to re-adjudicate matters settled by prior final judgment.

34. Ignoring Judicial Findings of Dishonesty: Defendant Kleinschmidt had access to the 2020 Superior Court record showing Diahanne Payne was found to have made false representations, yet he:

- Relied on her testimony and claims despite the judicial finding of dishonesty

- Failed to consider the established pattern of false representations

- Approved distribution based on the same type of false claims that led to summary judgment against her.

F. The Fraudulent Distribution Order

35. July 22, 2024 Distribution Order: Based entirely on the perjured evidence and Plaintiff's enforced absence:

- Defendant Kleinschmidt issued an Order for Disbursement despite evidence contradicting the false allegations

- Plaintiff's $219,348.22 inheritance was redistributed to Defendant Coleman

- The order was procured through constitutional violations and fraud upon the court

- The distribution violated res judicata by approving claims specifically rejected in 2012.

G. Mail Obstruction and Access to Courts Violations

36. Deliberate Obstruction of Legal Mail: On July 25, 2024, Defendant Mosley:

- Sent legal correspondence to Plaintiff regarding the distribution order

- Intentionally failed to mark the correspondence as "legal mail"

- Knew this would delay delivery in the federal correctional facility

- Caused delivery to be delayed until August 8, 2024, preventing timely objection.

## H. The Attorney Financial Conspiracy

37. Financial Incentives for Constitutional Violations: The attorney Defendants created powerful financial incentives to participate in the constitutional violations by:

- Arranging to be paid directly from Plaintiff's inheritance rather than charging their own clients

- Receiving a total of $37,552.41 from the fraudulent distribution on July 22, 2024

- Creating an irreconcilable conflict of interest that motivated denial of Plaintiff's constitutional rights.

## I. Interstate Communications Supporting Jurisdiction

38. California-Directed Conspiracy: The conspiracy involved extensive interstate communications and actions directed at California, including:

- Coordination between California resident Diahanne Payne and North Carolina attorney Defendants

- Interstate mailings deliberately designed to prevent California resident Plaintiff's participation

- Financial targeting resulting in constitutional and property harm to California residents

- Defendants' knowledge that their primary constitutional and financial harm would occur in California.

## V. CAUSES OF ACTION

### COUNT I: 42 U.S.C. § 1983 - Deprivation of Civil Rights

(Against All Defendants)

39. Plaintiff incorporates all preceding allegations by reference.

40. Conspiracy Under Color of State Law: Defendants conspired among themselves and with state actors to deprive Plaintiff of rights secured by the Constitution and laws of the United States. See Dennis v. Sparks, 449 U.S. 24 (1980).

41. Procedural Due Process Violations: Defendants violated Plaintiff's fundamental procedural due process rights under Mathews v. Eldridge, 424 U.S. 319, 333 (1976), by:

- Failing to provide constitutionally adequate notice as required by Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950);

- Denying meaningful opportunity to be heard and present evidence in violation of Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985);

- Presenting unserved evidence without opportunity for cross-examination, violating fundamental fairness principles.

42. Access to Courts Violations: Defendants systematically obstructed Plaintiff's fundamental right of access to courts protected by Bounds v. Smith, 430 U.S. 817, 821 (1977), through deliberate mail interference and procedural manipulation.

43. Kleinschmidt's Individual Liability: Defendant Kleinschmidt violated clearly established law by:

- Failing to perform his ministerial duty to follow the 2012 court ruling under Forrester v. White, 484 U.S. 219 (1988);

- Violating res judicata principles that constitute clearly established law under Harlow v. Fitzgerald, 457 U.S. 800 (1982);

- Acting without jurisdiction to re-adjudicate settled matters, losing immunity protection under Stump v. Sparkman, 435 U.S. 349 (1978).

44. Substantive Due Process Violations: Defendants' coordinated scheme to exploit Plaintiff's incarceration to deprive him of property through fraudulent court proceedings constitutes conduct that "shocks the conscience" under County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

45. As a direct and proximate result of Defendants' constitutional violations, Plaintiff suffered damages including loss of inheritance, violation of fundamental rights, and related harm.

## COUNT II: 18 U.S.C. § 1962 - Racketeering (RICO)

(Against All Defendants)

46. Plaintiff incorporates all preceding allegations by reference.

47. Enterprise: Under United States v. Turkette, 452 U.S. 576, 583 (1981), Defendants constituted an ongoing criminal enterprise affecting interstate commerce, united for the common purpose of embezzling estate funds and depriving Plaintiff of inheritance through fraudulent means.

48. Pattern of Racketeering Activity: Under H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989), Defendants conducted the enterprise through a pattern of racketeering involving multiple predicate acts:

- Mail Fraud (18 U.S.C. § 1341): False 1099 tax forms mailed from 1997-2022 and deliberately mislabeled legal mail on July 25, 2024, meeting elements established in Schmuck v. United States, 489 U.S. 705, 710 (1989);

- Wire Fraud (18 U.S.C. § 1343): Interstate electronic communications related to coordinating the July 18, 2024 hearing, meeting elements under Carpenter v. United States, 484 U.S. 19, 25 (1987);

- Tax Fraud: False information filed with the IRS by McDaniel and Gates Management from 1997-2022.

49. Interstate Commerce: The conspiracy affected interstate commerce through multi-state coordination, interstate communications, and targeting of California residents by defendants residing in multiple states.

50. Proximate Cause and Standing: Under Holmes v. Securities Investor Protection Corp., 503 U.S. 258 (1992), Plaintiff suffered direct injury as the intended target of the racketeering conspiracy.

51. Plaintiff seeks treble damages under 18 U.S.C. § 1964(c).

**COUNT III: State Law Claims - Fraud, Conspiracy, Conversion**

(Against All Defendants)

52. Plaintiff incorporates all preceding allegations by reference.

53. Fraud: Defendants committed actionable fraud through knowingly false representations including:

- Diahanne Payne's misrepresentations about estate executor status

- Gates Management's false 1099 tax forms

- Perjured testimony presented to courts by McDaniel

- Material misrepresentations causing Plaintiff financial harm.

54. Civil Conspiracy: Defendants agreed to commit tortious acts and took substantial steps in furtherance of their agreement to defraud Plaintiff and deprive him of property rights through systematic constitutional violations.

55. Conversion: Defendants wrongfully took and used Plaintiff's property including:

- The $219,348.22 inheritance redistribution

- Embezzled rental income from estate properties

- Attorney fees improperly charged to Plaintiff's inheritance

- Michelle Drew's unpaid $18,000+ personal loan

- All without authorization and in violation of Plaintiff's legal rights.

56. As a direct and proximate result, Plaintiff suffered actual damages including lost inheritance, embezzled estate assets, and related financial harm.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Monetary Relief

- Enter judgment in favor of Plaintiff and against all Defendants;

- Award compensatory damages in an amount to be proven at trial, but not less than $2,000,000;

- Award treble damages under 18 U.S.C. § 1964(c) for RICO violations ($657,000 based on $219,348.22);

- Award punitive damages in the amount of $500,000 for Defendants' willful, malicious, and fraudulent conduct designed to violate Plaintiff's constitutional rights;

B. Injunctive Relief

- Issue preliminary and permanent injunctive relief:

- Voiding the July 22, 2024 Distribution Order as procured through constitutional violations and fraud upon the court;

- Halting any further distributions from the estate proceeds pending resolution of this action;

- Ordering disgorgement of all proceeds obtained through the conspiracy ($256,900.23);

C. Additional Relief

- Award reasonable attorney's fees and costs under 42 U.S.C. § 1988 and 18 U.S.C. § 1964(c);

- Award pre- and post-judgment interest as allowed by law under 28 U.S.C. § 1961;

- Grant such other relief as this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ David H. Payne, M.D.

DAVID H. PAYNE, M.D., Pro Se

Registration No. 76493-112

FCI Florence

5880 Highway 67 South

Florence, CO 81226

[Post-release: Orange County, CA]


**VERIFICATION**


I, David H. Payne, M.D., declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 11th day of July, 2025.

/s/ David H. Payne, M.D.

DAVID H. PAYNE, M.D.

DAVID H. PAYNE M.D. #16495-112
FCI FLORENCE
5880 HWY 67 SOUTH
FLORENCE, CO 81226

LEGAL MAIL

CERTIFIED MAIL

9589 0710 5270 2387 4041 40



US DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION
411 WEST FOURTH STREET, Rm 1053
SANTA ANA, CA 92701-4516

LEGAL MAIL
TIME SENSITIVE COURT FILING
ATTORNEY WORK PRODUCT

PROC.

RECEIVED
CLERK, U.S. DISTRICT COURT
JUL 22 2025
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION    BY _____

Date: Jun 1 5 2025

**SPECIAL/LEGAL MAIL**

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return the enclosure to the above address.